UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM Y. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06-CV-193-CDP |
| | ) |
| UNKNOWN WARDEN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Williams Y. Jones's for a writ of habeas corpus [Doc. #1]. Also before the Court is petitioner's motion to correct the record [Doc. #2].

**Background**

On February 21, 1996, petitioner pleaded guilty to conspiracy to distribute over five kilograms of cocaine and was sentenced to 276 months imprisonment. See United States v. Jones, No. 4:95-cr-246-CDP (E.D. Mo.).[1] Petitioner's conviction was affirmed on direct appeal. See United States v. Jones, 111 F.3d 597, 599 (8th Cir. 1997). Petitioner subsequently sought, but was denied, relief

---

[1]Although the Honorable George F. Gunn, Jr. was the presiding judge in the criminal case, the case was reassigned to the undersigned by Order dated November 10, 1998.

pursuant to 28 U.S.C. § 2255. See Jones v. United States, No. 4:98-cv-1080-CDP (E.D. Mo.). The Eighth Circuit Court of appeals denied petitioner a certificate of appealability. See Jones v. United States, No. 00-1800 (8th Cir, July 6, 2000).

### The petition

Petitioner claims that (1) the Court's review of the instant matter must be pursuant to 28 U.S.C. § 451, et seq., because 28 U.S.C. §§ 2241 and 2255 "were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio"; (2) he has committed no crime because Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional and void; (4) the Court violated his rights under the Fifth and Sixth Amendments by sentencing him based on facts that were not found by a jury beyond a reasonable doubt or admitted by him; (5) his indictment and conviction are rendered void by the government's fraud, unclean hands, bad faith and violation of the principles of fair dealing; and (6) the Court violated the separation of powers doctrine and committed judicial fraud.

### Discussion

As noted above, petitioner states the instant petition is brought pursuant to 28 U.S.C. § 451, et seq. (1940). In 1940, § 451, provided that the Supreme Court and the district courts shall have power to issue writs of habeas corpus. See, e.g.,

2

Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 578 (1941). In its present form, however, § 451 merely provides definitions under Title 28, Judiciary and Judicial Procedure and, as such, does not provide petitioner with a cause of action.

Petitioner asserts that 28 U.S.C. §§ 2241 and 2255 were not enacted into "positive law" and are unconstitutional on their face. In United States v. Martinez, CR. No. C-04-157; C.A. No. C-05-423, 2006 WL 1293261 (S.D. Tex., May 6, 2006), the United States District Court for the Southern District of Texas considered and rejected identical claims concerning §§ 2241 and 2255. This Court agrees with the decision in Martinez and adopts its reasoning. Furthermore, the Supreme Court's discussion of the writ of habeas corpus, its application of these statutes and its acceptance of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments to § 2255 refute petitioner's assertions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340 (1996); Dodd v. U.S., 125 S.Ct. 2478, 2481 (2005); see also Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S.Ct. 2059 (1997). Consequently, petitioner's claim that §§2241 and 2255 were not enacted into "positive law" and are unconstitutional on their face is without merit.

While a Court may recharacterize a pro se litigant's action "to avoid an

unnecessary dismissal" or "to create a better correspondence" between the substance of the action and its underlying legal basis, see Castro v. United States, 540 U.S. 375, 381-82, 124 S.Ct. 786,791-92 (2003), petitioner previously sought – and was denied – relief pursuant to § 2255.  The AEDPA amended 28 U.S.C. § 2255 to provide that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  There is no indication that petitioner has sought or received permission to bring a second or successive § 2255 motion in this Court.  Therefore, this Court will not recharacterize the instant action as one seeking relief pursuant to § 2255.

Because petitioner is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241.  The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under

unnecessary dismissal" or "to create a better correspondence" between the substance of the action and its underlying legal basis, see Castro v. United States, 540 U.S. 375, 381-82, 124 S.Ct. 786,791-92 (2003), petitioner previously sought – and was denied – relief pursuant to § 2255.  The AEDPA amended 28 U.S.C. § 2255 to provide that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  There is no indication that petitioner has sought or received permission to bring a second or successive § 2255 motion in this Court.  Therefore, this Court will not recharacterize the instant action as one seeking relief pursuant to § 2255.

Because petitioner is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241.  The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under

§ 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because the one-year statute of limitations has expired or because a Court has denied a previously-filed § 2255 motion. Id. at 1077-78 (citations omitted). Accordingly, the Court will not recharacterize the instant action as one seeking relief pursuant to § 2241.

As there is no jurisdictional basis on which petitioner may legitimately bring this action,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of habeas corpus is **DISMISSED** [Doc. #1].

**IT IS FURTHER ORDERED** that petitioner's motion to correct the record is **DENIED**.

An appropriate order of dismissal will accompany this memorandum and order.

Dated this 23rd day of May, 2006.

_____
**UNITED STATES DISTRICT JUDGE**